FILED
2020 Mar-05 AM 10:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALLEN ARTHUR HEADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:19-1604-ACA |
| | ) |
| UNITED PARCEL SERVICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This employment discrimination matter comes before the court on Defendant United Parcel Service, Inc.'s ("UPS") motion to dismiss *pro se* Plaintiff Allen Arthur Headley's amended complaint. (Doc. 6). For the following reasons, the court will **GRANT** UPS's motion.

### I. BACKGROUND

Mr. Headley alleges that UPS discriminated against him on the basis of his race, color, and religion, failed to accommodate his disability and retaliated against him. (Doc. 2 at 5). The entire factual basis supporting these claims is simply that Mr. Headley was "wrongfully terminated 3 times in a row." (*Id*). According to Mr. Headley, UPS committed these discriminatory acts on and before October 29, 2015. (*Id.* at 4).

Mr. Headley filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") around November 2015 and again in June 2019. (*Id.* at 5). The EEOC closed the November 2015 charge in 2017. (*See* Doc. 2 at 9). His June 2019 charge arises from the October 29, 2015 termination; it alleges that Mr. Headley learned in October 2018 that he was not properly represented by his union and not given a fair hearing after his termination. (*Id.*).

The EEOC issued a dismissal and notice of rights letter on June 25, 2019. (Doc. 2 at 7). The letter states that the EEOC closed its file on Mr. Headley's charges because he did not timely file his charge with the EEOC. (*Id.*). This lawsuit followed on September 30, 2019, which is 97 days after the notice of rights letter was mailed.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. A complaint need not contain detailed factual allegations, but a complaint must

contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When resolving a motion to dismiss, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam)). Although the court must accept well-pleaded facts as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Where, as here, a plaintiff proceeds *pro se*, the court must liberally construe the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Still, the court may not "serve as *de facto* counsel for a party, or . . . rewrite an otherwise deficient pleading" to "sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (internal quotations and citations omitted). In other words, "[o]nce a *pro se* litigant is in court, [s]he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure." *Smith v. Fla. Dept. of Corr.*, 369 F. App'x. 36, 38 (11th Cir. 2010)

(citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

### III. DISCUSSION

UPS moves to dismiss Mr. Headley's complaint, arguing that Mr. Headley's charge is untimely because it was not filed within 180 days of the last discriminatory act. (Doc. 6 at 1-2). As additional grounds for dismissal, UPS argues that Mr. Headley's complaint is untimely because it was not filed within 90 days after receiving his right to sue letter. (Doc. 6 at 5). Despite two separate court orders to respond to the motion to dismiss, Mr. Headley has not filed a response. (*See* Docs. 7, 11).

    a. *Failure to Exhaust Administrative Remedies*

"An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil Rights Act and Title I of the Americans with Disabilities Act. The first step down th[e] path [to exhaustion] is filing a timely charge of discrimination with the [Commission]." *Stamper v. Duval Cty. Sch. Bd.,* 863 F.3d 1336, 1339 (11th Cir. 2017) (citations omitted). A charge of discrimination must be filed within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). If a plaintiff fails to file an EEOC charge before the 180-day period elapses, the claim is untimely. *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1317 (11th Cir. 2001).

Here, Mr. Headley filed his Charge of Discrimination on June 10, 2019. (Doc. 2 at 9). Although the Charge indicates that he was terminated in October 2015, Mr. Headley states that the latest date discrimination took place was October 1, 2018. Construing the facts in the light most favorable to Mr. Headley, his Charge of Discrimination was due April 2, 2019.[1] Thus, Mr. Headley's filing is 69 days late and therefore untimely. For this reason, Mr. Headley's motion is due to be dismissed.

    b. *Failure to File within 90 Days*

Under Title VII and the ADA, a plaintiff may file a civil action in U.S. District Court within 90 days of receiving a government agency's notice of final action on the plaintiff's EEO complaint. 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1)(2). The plaintiff's failure to timely file a claim precludes him from maintaining those claims. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002). And when a defendant moves to dismiss a Title VII claim for being untimely, the plaintiff has the burden of establishing that he met the 90-day filing requirement. *Id.*

Here, Mr. Headley does not provide the exact date on which he received his right to sue letter. Instead, he simply states that it was sometime after June 25,

---

[1] One hundred and eighty days from October 1, 2018 is March 30, 2019, which is a Saturday.

2019. (Doc. 2 at 5). In the absence of a specific date, the court will presume that the letter was received three days after it was sent, or June 28, 2019. *Kerr v. McDonald's Corp.,* 427 F.3d 947, 953 n.9 (11th Cir. 2005) ("[w]hen the date of receipt [of an EEOC right to sue notice] is in dispute, this court has applied a presumption of three days for receipt by mail").

The addition of 90 days to the presumptive receipt date of June 28, 2019 sets the deadline for filing suit as September 26, 2019. The initial complaint in this matter was filed September 30, 2019, four days after the deadline to file passed. For this reason, Mr. Headley's complaint is due to be dismissed.

## IV. CONCLUSION

Based on the foregoing, the court **GRANTS** UPS's motion to dismiss the amended complaint **WITH PREJUDICE**.

**DONE** and **ORDERED** this March 5, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE